944 F.2d 903
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Michael SCATES, Defendant-Appellant.
 No. 91-6011
 United States Court of Appeals, Fourth Circuit.
 Submitted May 20, 1991.
Decided Sept. 13, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Terrence W. Boyle, District Judge. (CR-85-40-3)
 David Michael Scates, appellant pro se.
 John Douglas McCullough, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN, and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 David Michael Scates appeals the district court's denial of his motion for judicial review and issuance of a writ of mandamus. We affirm.
 
 
 2
 Scates is serving a sentence for a drug conspiracy. In this action, he sought to have a new presentence report prepared, claiming that the original report contained inaccuracies that the district court relied upon in imposing sentence. The record reflects that Scates and his attorney were afforded the opportunity to submit written objections to the report prior to sentencing. Scates filed four objections to the report. In an order filed nunc pro tunc, the district judge stated that he had not made findings concerning the controverted matters because he did not consider such matters when he imposed sentence.
 
 
 3
 At sentencing, the court asked Scates if he had any comments about the presentence report other than those mentioned in his written objections. Scates stated that he had nothing to add.
 
 
 4
 Those portions of the presentence report to which Scates objected had no effect on his sentence. Additionally, Scates did not object at sentencing or on appeal to the inclusion in the presentence report of a 1966 juvenile conviction. Under these circumstances, there were no grounds for granting Scates the extraordinary relief he sought in this action, nor were there grounds for collateral attack on his conviction under 28 U.S.C. § 2255.
 
 
 5
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 
 6
 AFFIRMED.